**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YANMEI LIU, | No. 17-71470 |
| Petitioner, | Agency No. A087-866-441 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2022[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and HELLERSTEIN,[***] District Judge.

Yanmei Liu, a native and citizen of China, petitions for review of a Board of

Immigration Appeals ("BIA") order upholding the denial by the immigration judge

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

("IJ") of her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. Substantial evidence supports the agency's adverse credibility determination. The BIA found no clear error in the IJ's determination that Liu provided implausible, inconsistent, and vague testimony concerning the removal of her IUD, her subsequent pregnancy, and the periodic check-ups required by the local Family Planning Committee to monitor her compliance with the Committee's birth control policies. While we are not persuaded by every alleged inconsistency cited by the IJ and BIA, there is sufficient support in the record to compel us to uphold the agency's conclusion. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("Under [the substantial evidence] standard, we must uphold the agency determination unless the evidence compels a contrary conclusion."). The following parts of Liu's testimony support the agency's conclusion that aspects of her testimony were inconsistent or implausible.

*First*, Liu initially stated that she could not remember where she had her first IUD removed but, when pressed, explained that it was a small health clinic in a village near her mother's home that was no longer in operation. She noted that the procedure was performed by someone named Dr. Li who worked at the county hospital but, when asked if she could obtain documentation from Dr. Li, stated that

2

the doctor was not from the area. She also said that she could not provide any proof that the health clinic had earlier existed.

*Second*, Liu stated that she had her first IUD removed in secret in April 1999 because she wanted to have another child, but she later stated that the pregnancy that immediately followed was accidental.

*Third*, Liu stated that she attempted to hide this pregnancy from local officials by skipping her scheduled June 1999 IUD inspection. She testified that the local village officials called her on the phone multiple times after she skipped the inspection but then stated that she did not foresee that the authorities might eventually come find her in person.

*Finally*, Liu testified that she received notice that she needed to present herself for an IUD check-up through announcements that the Family Planning Committee made through the village loudspeaker and noted that all women in the village had to submit to such inspections. She also testified, however, that she was not sure whether the Family Planning Committee used the loudspeaker announcements to notify the other women of their upcoming appointments, even though the loudspeaker was audible throughout the village.

The adverse credibility determination is also supported by the IJ's demeanor finding. We accord substantial deference to demeanor findings where, as here, they are based on specific instances the agency identifies in the record. *See*

*Shrestha v. Holder*, 590 F.3d 1034, 1041-42, 1045 (9th Cir. 2010). Here, as the BIA noted, the IJ cited specific instances where Liu paused when confronted with alleged inconsistencies in her testimony, and we defer to the agency's assessment that Liu's demeanor undermined her credibility.

The agency also did not err in concluding that Liu's documentary evidence only further diminished her credibility. For example, the agency noted that the letter from her husband lacked any detail supporting her testimony; that the letter from the hospital was not a contemporaneous medical record of the allegedly forced abortion; and that her marriage certificate, children's birth certificates, and household registration information included inconsistencies in Liu's age, her husband's age, and the birth dates of her children. Liu relies on *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), for the proposition that the IJ should have provided her notice that her corroboration was insufficient and an opportunity to cure any deficiencies. But, in *Ren*, we held that an IJ must give such notice and opportunity only if an applicant's "otherwise credible testimony" nonetheless fails to meet the applicant's burden of proof without further corroboration. *Id.* at 1091-93. Here, Liu has not met this threshold credibility determination, and *Ren* is therefore inapplicable.

In the absence of credible testimony, Liu's claims for asylum and withholding of removal fail.

4

2. Substantial evidence also supports the agency's determination that Liu is not eligible for CAT protection.  Liu's claim for relief is based on the same testimony that the agency deemed not credible.  While an adverse credibility finding does not necessarily defeat a claim for CAT relief, Liu's country conditions evidence does not compel the conclusion that she is more likely than not to be tortured if she is removed to China.  *See Shrestha*, 590 F.3d at 1048-49.

**PETITION DENIED.**